IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

Case No. 2:20-CV-00076-M

| | | |
|---|---|---|
| MONA GILLIAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BERTIE COUNTY BOARD OF EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant Bertie County Board of Education's Motion for Summary Judgment. DE 26. At the motion-to-dismiss stage, this court granted in part and denied in part the Board's request to dismiss Plaintiff Mona Gilliam's Complaint. DE 17. It denied the motion to dismiss only to the extent that Ms. Gilliam had stated plausible claims of race, color, sex, and age discrimination based on the Board's failure to hire/promote her to a retitled version of her former position and instead hire Danny Perry, a younger, less experienced, white male for the job. Now the Board argues it should be awarded judgment as a matter of law on Ms. Gilliam's claims because the unlawful employment practice that sustained those claims at the motion-to-dismiss stage is time barred under Title VII and the ADEA. The Board also asserts there is no dispute of material fact. Ms. Gilliam argues all alleged discriminatory employment practices should be actionable, despite being time barred, under the "continuing violation" doctrine. Ms. Gilliam's argument is foreclosed by Supreme Court precedent, there is no dispute of material fact, and the undisputed material facts entitle the Board to summary judgment. For these reasons, the Board's motion is granted.

## I. Background

### a. Findings of Fact

Ms. Gilliam is a 49-year-old black female and former employee of the Bertie County Board of Education ("the Board"). Def.'s Statement of the Undisputed Material Facts ("Def.'s Statement") ¶ 1 [DE 27]. In June 2015, the Board hired Ms. Gilliam as a school administrator. *Id.* ¶ 2. In April 2016, Ms. Gilliam transferred to the student services director position in central office. *Id.* ¶ 3.

During the 2016–2017 school year, the school system experienced a severe financial exigency. *Id.* ¶ 4. The administration implemented a reduction in force. *Id.* ¶ 5. The reduction in force eliminated the student services director position. *Id.* Despite the position being eliminated, the Board allowed Ms. Gilliam to finish her administrator contract as a classroom teacher. *Id.* ¶ 6. She received the same rate of pay. *Id.*

In October 2017, Danny Perry, a white male, was placed in the position of Student Services/Safety Administrator. *Id.* ¶ 7; *see also* Aff. of Danny Perry [DE 26-1].

Ms. Gilliam filed a charge of discrimination with the EEOC on July 10, 2018. *Id.* ¶ 8. The EEOC issued a dismissal and notice of right to sue on August 27, 2020. *Id.*

### b. Procedural History

The Complaint in this case was filed on November 18, 2020. DE 1. The Board moved to dismiss on January 14, 2021. DE 10. After briefing, this court granted in part and denied in part the motion to dismiss. DE 17. The Board filed an Answer to the Complaint on October 14, 2021. DE 20. Discovery commenced, and on June 15, 2022, the Board filed the present motion for summary judgment supported by a statement of material facts and memorandum of law. DE 26, DE 27, DE 28. Ms. Gilliam responded, DE 29, and the Board replied, DE 31.

2

## II. Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if the evidence would permit a reasonable jury to find for the nonmoving party, and "[a] fact is material if it might affect the outcome" of the litigation. *Jacobs v. N.C. Admin. Off. Cts.*, 780 F.3d 562, 568 (4th Cir. 2015) (internal quotations and citations omitted). Substantive law determines which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court's role at the summary-judgment stage is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. In doing so, the court "must view the evidence presented through the prism of the substantive evidentiary burden," *id.* at 254, and "resolve all factual disputes and any competing, rational inferences in the light most favorable" to the nonmoving party, *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003) (quoting *Wightman v. Springfield Terminal Ry. Co.*, 100 F.3d 228, 230 (1st Cir. 1996)).

When the nonmovant bears the burden of proof at trial, the party seeking summary judgment bears the initial burden of "pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant does so, the burden shifts to the nonmovant to point out "specific facts showing that there is a *genuine issue for trial.*" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). In doing so, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013). While "it is the province of the jury to resolve conflicting inferences from

3

circumstantial evidence," any "[p]ermissible inferences must still be within the range of reasonable probability." *Ford Motor Co. v. McDavid*, 259 F.2d 261, 266 (4th Cir. 1958). It is "the duty of the court to withdraw the case from the jury when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." *Id.*

Instead, the nonmoving party must support its assertions by "citing to particular parts of . . . the record," or by "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1); *Celotex Corp.*, 477 U.S. at 324. In doing so, the nonmovant "must offer evidence that could be presented in a form that would be admissible at trial." *Doe v. Meron*, 929 F.3d 153, 165 (4th Cir. 2019) (citing Fed. R. Civ. P. 56(c)(2)). If the nonmovant cannot make a sufficient showing on an essential element of her case, no reasonable jury could find in her favor, and summary judgment must be granted in favor of the movant. *Ballengee v. CBS Broad., Inc.*, 968 F.3d 344, 349 (4th Cir. 2020).

## III. Analysis

The Board moves for summary judgment on Ms. Gilliam's claims of race, color, sex, and age discrimination. Title VII of the Civil Rights Act of 1964 ("Title VII") prohibits employers from discriminating against employees and applicants for employment based on race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a). The Age Discrimination in Employment Act ("ADEA") prohibits the same based on age. 29 U.S.C. § 623(a).

### a. The Exhaustion and Timing Requirements for Title VII and the ADEA.

Before bringing a claim in federal court under Title VII or the ADEA, a plaintiff must file a charge with the Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C. § 2000e–5(e)(1); 29 U.S.C. § 626(d); *see also Chacko v. Patuxent Inst.*, 429 F.3d 505, 506 (4th Cir. 2005) ("Before a Title VII plaintiff can bring a formal suit, he must file an administrative charge with

4

the [EEOC]."). The "scope of the plaintiff's right to file a federal lawsuit is determined by the charge's contents." *Sydnor v. Fairfax Cty., Va.*, 681 F.3d 591, 593 (4th Cir. 2012). A plaintiff's claims fails if her "administrative charges reference different time frames, actors, and discriminatory conduct than the central factual allegations in [her] formal suit." *Chacko*, 429 F.3d at 506. However, a complaint may contain claims "reasonably related" to the EEOC charge or claims that would naturally "follow from a reasonable administrative investigation." *Sydnor*, 681 F.3d at 594. This exhaustion requirement ensures notice to the employer of a discrimination claim and gives the EEOC the first swing at resolving employment discrimination disputes. *Id.* at 593.

As part of the exhaustion requirement, Title VII and the ADEA have strict filing requirements. A Title VII or ADEA plaintiff must file a charge with the EEOC either 180 days or 300 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(1). "In a State that has an entity with the authority to grant or seek relief with respect to the alleged unlawful practice, an employee who initially files a grievance with that agency must file the charge with the EEOC within 300 days of the employment practice." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002). "[I]n all other States, the charge must be filed within 180 days." *Id.* "A claim is time barred if it is not filed within these time limits." *Id.* Importantly, "discrete acts that fall within the statutory time period do not make timely acts that fall outside the time period." *Id.* at 112.

Discrete discriminatory acts that occur outside the applicable time frame are barred. *See id.* at 110 ("A discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened.' A party, therefore, must file a charge within either 180 or 300 days of the date of the act or lose the ability to recover for it."). "Each discrete discriminatory act starts a new clock for filing charges alleging that act." *Id.* at 113. "The charge, therefore, must be filed within the 180– or 300–day

5

time period after the discrete discriminatory act occurred." *Id.* And "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Id.* Discrete acts include "termination, failure to promote, denial of transfer, or refusal to hire." *Id.* at 114.

### b. Ms. Gilliam cannot prove essential elements of her claims, there is no dispute of material fact, and the Board is entitled to summary judgment.

In its opinion on the motion to dismiss, this court began by addressing the exhaustion and filing requirements for Title VII and the ADEA. DE 17. The court held, and the parties agreed, that only discrete acts of discrimination that occurred between January 11, 2018, and July 10, 2018, were actionable. *Id.* at 11. The court held many of the discriminatory acts alleged in Ms. Gilliam's Complaint were outside this time frame and therefore not actionable. *Id.* at 12 ("Thus, the reduction-in-force that cost Ms. Gilliam her administrative position, her subsequent appeal of that termination in the spring and summer 2017, her July 10, 2017 letter requesting a human resources position, and the hiring of Glen Buck for that position on July 24, 2018, are outside the applicable timeframe, and, therefore, are not actionable 'unlawful employment practice[s]' in this lawsuit.").

The court then determined Ms. Gilliam had stated plausible claims of race, color, sex, and age discrimination under a failure-to-hire/promote theory. Her plausible claims hinged on allegations that Danny Perry, a younger, less experienced, white male, was hired over her for a Student Services/Safety Administrator position (a retitled version of the position Ms. Gilliam lost during the reduction in force). *Id.* at 14–18. Mr. Perry's hiring date was not alleged in the Complaint. In the light most favorable to the Plaintiff, this court assumed that Mr. Perry's hiring date occurred within the applicable 180-day timeframe. The court then held that because Ms. Gilliam alleged that she had more experience than Mr. Perry, and he was hired for the position from which she had just been removed, her claims of race, color, sex, and age discrimination were

6

plausible and survived a Rule 12(b)(6) motion to dismiss. *Id.* The court noted that "if the hiring of Danny Perry occurred outside the 180-day actionable time limit, the parties can apprise the court of that fact in a future filing." *Id.* at 15 n.5.

The Board argues the court should now enter summary judgment in its favor on Ms. Gilliam's remaining claims because Mr. Perry was hired outside the actionable timeframe. The Board attached an affidavit from Mr. Perry to its motion for summary judgment. Mr. Perry avers that he was hired/promoted to the Student Services/Safety Administrator position in October 2017. He states that "[i]n October 2017, I was appointed as Student Services/Safety Administrator for the school system. I have served continuously in that role since that time, although my title is currently 'Coordinator of Safety and Security, Health and Physical Education and Support Services.'" Aff. of Danny Perry ¶ 3. October 2017 is outside the 180-day timeframe required by Title VII and the ADEA. *See Nat'l R.R. Passenger Corp.*, 536 U.S. at 114 ("Discrete acts such as . . . failure to promote . . . or refusal to hire are easy to identify" and are actionable only if they "'occurred' within the appropriate time period."). Thus, the hiring/promotion of Mr. Perry is not an actionable "unlawful employment practice" under Title VII or the ADEA.

Ms. Gilliam does not dispute that the Board's failure to promote her and instead hire Mr. Perry occurred outside the 180-day timeframe; instead, she argues this event "fall[s] under 'continued violations,' and therefore, the filing period for these claims would be tolled to include occurrences outside the 180-day window." DE 29 at 5. Supreme Court precedent directly forecloses Ms. Gilliam's argument. In *National Railroad Passenger Corporation v. Morgan*, the Supreme Court held that discrete discriminatory acts, such as failure to hire or failure to promote, "are not actionable if time barred, even when they are related to acts alleged in timely filed charges." 536 U.S. at 110–15; *see also Williams v. Giant Food Inc.*, 370 F.3d 423, 429 (4th Cir.

7

2004). Because the Board's failure to promote Ms. Gilliam and instead hire Mr. Perry "is a discrete act of discrimination, the continuing violation doctrine does not apply here and cannot save [Ms. Gilliam's] untimely claims." *Williams*, 370 F.3d at 429 (internal citation omitted).

Ms. Gilliam's arguments for applying the continuing violation doctrine are unavailing. She quotes a three-factor test for determining when the doctrine applies, DE 29 at 5, but she supports that assertion with cases that predate *National Passenger Railroad Corporation v. Morgan* and her cases do not delineate the three-part test she proposes. Instead, in the three primary cases Ms. Gilliam relies on, the court rejected applying the continuing wrong doctrine because the alleged discrete acts of discrimination occurred outside the required timeframe. *Woodard v. Lehman*, 717 F.2d 909, 914–21 (4th Cir. 1983); *Hill v. AT&T Tech., Inc.*, 731 F.2d 175, 179–80 (4th Cir. 1984); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379–80 (5th Cir. 2002). Ms. Gilliam argues that, unlike the plaintiffs in *Woodard*, *Hill*, and *Taylor*, she suffered discriminatory acts within the actionable timeframe; therefore, similar discriminatory acts outside the timeframe are actionable. DE 29 at 6–8. The Supreme Court rejected this argument. The Court "held that discrete acts that fall within the statutory time period do not make timely acts that fall outside the time period." *Nat'l R.R. Passenger Corp.*, 536 U.S. at 112.[1] As in *Woodard* and *Hill*, the Board's failure to promote Ms. Gilliam and instead hire Mr. Perry was "not made the basis for a timely charge," and is therefore, "the legal equivalent of a[n] [alleged] discriminatory act which occurred before the

---

[1] Discriminatory acts outside the applicable time limits of Title VII and the ADEA can be actionable as part of a hostile work environment claim. *See, e.g., Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 221–22 (4th Cir. 2016) ("A hostile work environment claim is composed of a series of separate acts that collectively constitute one unlawful employment practice, and the Supreme Court has held that such claims are subject to a continuing violation theory." (internal quotation marks omitted)). However, Ms. Gilliam did not raise a hostile work environment claim. Thus, the discrete discriminatory act on which her claims prevailed at the 12(b)(6) stage is outside the applicable time limit and not actionable.

8

statute was passed," and is at most "an unfortunate event in history which has no present legal consequences." *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977). That discriminatory act was the sole basis for the court permitting Ms. Gilliam's claims to proceed at the 12(b)(6) stage, and Ms. Gilliam has not provided any additional evidence of discrimination outside the four corners of the Complaint.[2] The Board is entitled to summary judgment.

## IV. Conclusion

The court concludes there is no dispute of material fact and awards the Board summary judgment on all remaining claims. The Board's motion [DE 26] is GRANTED.

SO ORDERED this 20th day of October, 2022.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Ms. Gilliam asserts eight statements of allegedly disputed facts, DE 30 ¶¶ 9–16, but none of these allegations dispute the material fact that Mr. Perry's hiring occurred outside the time requirements of Title VII and the ADEA, and therefore her remaining claims are time barred. Moreover, she relies on her unverified Complaint to support these statements; therefore, these statements are "not competent summary judgment evidence." *Grady v. McPhearson*, No. 5:17-CT-3211-FL, 2020 WL 5821840, at *1 (E.D.N.C. Sept. 30, 2020), *aff'd sub nom. Grady v. McPherson*, 840 F. App'x 745 (4th Cir. 2021). Ms. Gilliam does "not qualify for Rule 56(d) protection" because she "had the opportunity to discover evidence but chose not to." *McCray v. Maryland Dep't of Transp., Maryland Transit Admin.*, 741 F.3d 480, 484 (4th Cir. 2014)).

9